UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CURTIS GIBB,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 09-533-HA

ORDER

HAGGERTY, District Judge:

Defendant advances a Motion to Dismiss for lack of jurisdiction [11].  The district court has jurisdiction to determine whether plaintiff's new claims are properly precluded as the same claim previously determined.  *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985).

**ANALYSIS**

There is no dispute that plaintiff first filed an application for disability benefits on April 15, 2002, which was denied initially on October 22, 2002, and after reconsideration on March 14, 2003.  Plaintiff was notified that he could appeal and request a hearing no later than sixty days from the date the notice was received, but plaintiff did not do so.

**ORDER -- 1**

On February 10, 2005, Plaintiff filed a second application for disability benefits, which was denied on April 13, 2005, and not further appealed. Plaintiff then filed a third application for disability benefits on December 13, 2007. This application was denied at the initial level on December 21, 2007, and after reconsideration on March 1, 2008.

Plaintiff, then represented by counsel, filed a request for hearing on March 27, 2008. On August 22, 2008, the Administrative Law Judge (ALJ) issued an order dismissing the request for hearing on the basis of *res judicata*. The ALJ found that plaintiff's first application was denied on March 14, 2003, after his insured status had expired, and that determination became administratively final when plaintiff failed to seek further review. Moreover, the ALJ found that no new and material evidence had been submitted, and that there had been no change in law, rule, or regulation that triggered a hearing.

Plaintiff requested Appeals Council review of the dismissal, and on March 16, 2009, the Appeals Council denied the request for review. The Appeals Council concluded that no impairment or deficiency in education existed to preclude plaintiff from understanding and appealing the March 14, 2003 determination. The Appeals Council also acknowledged that plaintiff submitted additional medical evidence, which related to a period after plaintiff was last insured for benefits. Subsequently, plaintiff filed this Complaint seeking judicial review.

Defendant now moves for dismissal, arguing that judicial review is only authorized for a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Section 405(g) requires a claimant "to obtain final judgment from the [Commissioner] before seeking judicial review." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). Further, "[a] final decision consists of two elements: (1) the presentment of the claim to the

**ORDER -- 2**

Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003), citing *Johnson*, 2 F.3d at 921.  As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).  An ALJ decision after a hearing, as opposed to a dismissal for *res judicata*, is a final decision of the Commissioner.  20 C.F.R. § 422.210(a) ("A claimant may obtain judicial review of a decision by an administrative law judge . . . ."); *see also Batson v. Commissioner*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004).

Here, plaintiff's first claim was denied at the reconsideration level on March 14, 2003, more than two years after his insured status expired on June 30, 2000.  In that denial, plaintiff was found not disabled through the date last insured.  The March 14, 2003 determination became administratively final when plaintiff failed to seek further review.  20 C.F.R. § 404.921 (if a claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding).  The ALJ considering plaintiff's December 13, 2007, claim properly found that plaintiff's rights on the same facts and issues were involved, and properly applied the doctrine of *res judicata*.

Plaintiff argues in response that, contrary to defendant's position, he has received the requisite "final decision" that allows judicial review, and has also submitted new and material evidence that is sufficient to trigger jurisdiction.  Plaintiff seeks a remand pursuant to "sentence six" of 42 U.S.C. § 405(g).

**ORDER -- 3**

Specifically, plaintiff contends that by applying *res judicata* to dismiss plaintiff's current hearing request, the Commissioner "has left the reconsideration determination in effect" and because the Commissioner has precluded the possibility of plaintiff appealing the denial of his first application, his "only remedy is to appeal to this Court for judicial review." Pl.'s Br. at 3 (citation omitted).

Plaintiff then argues that *res judicata* has been applied incorrectly because plaintiff was unrepresented by counsel at the time of his prior claim, but now has representation. Plaintiff also contends that a "sentence six" remand is appropriate here because plaintiff presented new and material evidence concerning the period of time prior to his date last insured. *Id*. at 4.

These arguments are rejected. Under certain circumstances, *res judicata* is disfavored when (1) evidence is presented of changed circumstances applicable to a claimant during a period when the claimant was insured for benefits, or (2) when a claimant is unrepresented. *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988) (doctrine of *res judicata* should not be applied rigidly in administrative proceedings where the claimant has presented new facts to demonstrate that a prior determination of non-disability may have been incorrect or when a claimant was not represented by counsel when filing the earlier claim) (citations omitted); *see also Lester v. Chater*, 81 F.3d 821 827-28 (9th Cir. 1996).

However, there is no authority presented that instructs a district court to refrain from applying *res judicata* "up to the date" of the Commissioner's earlier decision. *Lester*, 81 F.3d at 827. While the Commissioner's authority to apply *res judicata* to the period subsequent to a prior determination is viewed as "much more limited," the Commissioner's refusal to reopen a

**ORDER -- 4**

decision as to an earlier period generally is not subject to judicial review. *Id.* (citations and footnote omitted).

Here, unlike the claimants in *Lester* and *Gregory*, plaintiff challenges the Commissioner's decision about an earlier period addressed in the 2003 decision. The circumstances presented regarding representation and production of new facts in *Lester* and *Gregory* are absent in this case. The Commissioner properly applied *res judicata* to bar reconsideration of a period with respect to which the Commissioner had already made a determination, because plaintiff's second application alleged a period of disability entirely contained within his first application's time period. *Lester*, 81 F.3d at 827.

A "sentence six" remand is unwarranted as well. The fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991). Remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Akopyan v. Barnhart*, 296 F.3d at 854-55 (9th Cir. 2002) (citing *Schaefer*, 509 U.S. at 297 n. 2). A claimant must show that the new evidence "bears directly and substantially on the matter in dispute." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (internal quotation and citation omitted).

Here, plaintiff submitted fifty-four pages of additional evidence to the Appeals Council, including a September 14, 2008, questionnaire from Robert Hart, M.D. Plaintiff has failed to show good cause for his failure to incorporate this evidence into the record earlier. Merely

**ORDER -- 5**

obtaining a more favorable report after an adverse decision is insufficient to warrant a sentence six remand. *Mayes*, 276 F.3d at 463.

**CONCLUSION**

This court lacks subject matter jurisdiction. Defendant's Motion to Dismiss [11] is GRANTED. This case is closed.

IT IS SO ORDERED.

DATED this  15  day of March, 2010.


            /s/ Ancer L. Haggerty
            Ancer L. Haggerty
          United States District Judge

**ORDER -- 6**